UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THEODORE LAVERNE MACK,

    Petitioner,

v.                               Case No. 3:16-cv-782-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.
_____

## ORDER

### I. Status

Petitioner Theodore Mack, an inmate of the Florida penal system, initiated this action on June 21, 2016,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Mack challenges a 2005 state court (Duval County, Florida) judgment of conviction for fleeing or attempting to elude a law enforcement officer. Mack raises two grounds for relief. See Doc. 1 at 5-7.[2] Respondents have submitted a motion to dismiss the Petition. See Motion to Dismiss Petition for Writ of Habeas Corpus (Resp.; Doc. 15) with exhibits (Resp. Ex.). Mack submitted a brief in reply on September 5, 2017. See Reply to Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Reply; Doc. 16). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[3] and House,[4] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S. at 332, 115 S.Ct. 851.

Id. at 386-87.

Respondents contend that this action is untimely. Doc. 15 at 5-8. In his Reply, Mack counters that to dismiss this action as untimely would result in a manifest injustice because his habitual felony offender designation is illegal. Doc. 16 at 2-3. The following procedural history is relevant to the one-year limitations issue.

On September 27, 2005, the State of Florida (State) charged Mack by way of a second amended Information with two counts of attempted first degree murder (counts one and two), accessory after the fact (count three), and felony fleeing or attempting to elude a law enforcement officer (count four). Resp. Ex. A at 105-06. Mack proceeded to a jury trial on count four only, at the conclusion of which the jury found Mack guilty as charged. Id. at 173. On November 9, 2005, the circuit court adjudicated Mack to be a habitual felony offender (HFO), Id. at 203, and sentenced Mack to a term of incarceration of twenty years in prison. Id. at 202.

---

[3] Schlup v. Delo, 513 U.S. 298 (1995).
[4] House v. Bell, 547 U.S. 518 (2006).

During the pendency of his direct appeal, Mack, with the assistance of counsel, filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) (Rule 3.800(b)(2) Motion) with the circuit court. Resp. Ex. D at 1-13. On April 7, 2006, the circuit court denied the Rule 3.800(b)(2) Motion. Id. at 14-15. Thereafter, Mack proceeded with his direct appeal by filing his initial brief. Resp. Ex. F. The State filed an answer brief. Resp. Ex. G. On November 27, 2006, Florida's First District Court of Appeal (First DCA) per curiam affirmed the judgment and sentence, Resp. Ex. H, and on December 13, 2006, issued its Mandate. Resp. Ex. I.

As Mack's judgment of conviction and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Mack's judgment and sentence became final when the time for filing a petition for certiorari in the United States Supreme Court expired, ninety days from when the First DCA entered its opinion. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Accordingly, Mack's judgment and sentence became final on February 26, 2007. See id. As such, Mack's Petition filed on June 21, 2016, is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

On May 23, 2007, eighty-six days after the one-year limitations period began to run, Mack filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion). Resp. Ex. J. On May 5, 2008, Mack, through counsel, filed a second motion for postconviction relief pursuant to Rule 3.850 (Second Rule 3.850 Motion). Resp. Ex. K. The circuit court denied the motions on May

4

28, 2008. Resp. Ex. M. Mack did not appeal. Resp. Ex. L. Accordingly, the one-year limitations period began to run again on June 28, 2008.

On or about February 3, 2010, Mack filed a notice of inquiry with the circuit court, in which he sought the status of a "'Motion for Postconviction Relief' filed in April and/or May 2009." Resp. Ex. N. However, the docket printout from the circuit court case does not reflect any such filing in April or May of 2009. Resp. Ex. L. Notably, in his Reply, Mack states:

> Petitioner filed [the] notice of inquiry February 2010 requesting information about the outcome of a postconviction motion filed in April 2009. However, the CCIS docket does not reflect that anything was filed in 2009. Once learning [the] motion was never sent to [the] mail room at Florida Stat[e] prison, Petitioner filed another motion in May [of] 2010.

Doc. 16 at 2. The record reflects that on May 5, 2010, Mack did file another motion for postconviction relief pursuant to Rule 3.850 (Third Rule 3.850 Motion). Resp. Ex. O at 1-15. By his own admission, Mack concedes that after the denial of his first two Rule 3.850 Motions became final, he did not have a properly filed postconviction motion until May 5, 2010. However, by the time he filed this Third Rule 3.850 Motion on May 5, 2010, 762 days had passed since his judgment and sentence became final. Therefore, the one-year statute of limitations expired long before Mack filed the instant Petition on June 21, 2016. See 28 U.S.C. § 2244(d)(1).

As previously noted, Mack alleges a manifest injustice will occur if the Court does not reach the merits of the Petition. Doc. 16 at 2-3. To the extent the Court can construe this as a claim of actual innocence under McQuiggin, the Court finds the argument meritless. To make a showing of actual innocence, Mack must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable

5

doubt." Schlup, 513 U.S. at 327. Here, Mack has not offered any new reliable evidence that was not available at the time of his trial. Instead, Mack contends the predicate offenses used by the State do not qualify him as a HFO. Doc. 16 at 3. However, such an argument is considered "one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011). As such, Mack has not met his burden to prove he is actually innocent. See McQuiggin, 569 U.S. at 386. Accordingly, Mack has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Mack seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Mack "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

6

assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. 15) is **GRANTED**, the Petition (Doc. 1) is **DISMISSED AS UNTIMELY**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Mack appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of January, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Theodore Mack, #120356
Anne Conley, Esq.